UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD J. PIERCE,

    Plaintiff,

    v.

RON NEAL, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-868-JD-MGG

## OPINION AND ORDER

Ronald J. Pierce, a prisoner without a lawyer, filed this lawsuit alleging that he was incorrectly found guilty of assault after a disciplinary hearing at the Indiana State Prison. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On July 22, 2018, Offender Williams slipped his handcuffs and attacked Pierce. Pierce defended himself. He was charged with assault and found guilty. He claims that he is innocent of the charge because he acted in self-defense and he further claims that he was denied due process during his prison disciplinary hearing and subsequent

appeal. He sues Superintendent Ron Neal, C. Dustin (an internal investigator), Jane Doe or John Doe (a correctional officer), and J. Lyttle (an appeal review officer).

To the extent Pierce seeks damages for due process violations from defendants, such claims are not yet ripe. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of *Heck* also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted).

Here, Pierce admits that he was found guilty of assault, and he has not alleged that the finding of guilt has since been invalidated. Because a finding of liability on Pierce's due process claims in this case would inherently undermine the validity of his disciplinary hearing, it is futile to pursue his claim at this time. He may not proceed with this claim until that finding is overturned on administrative appeal or in a habeas corpus proceeding. If Pierce is able to have that case overturned, then he can refile his claims. Until then, these claims are not yet ripe.

Pierce also alleges that Superintendent Neal failed to train his officers adequately to respond promptly and safely to security risk situations, resulting in constant violence at Indiana State Prison. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the

2

policymakers had acquiesced in a pattern of constitutional violations," but Pierce's complaint does not allege a pattern of constitutional violations. "Prisons are dangerous places." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), *abrogated on other grounds by Haley*, 86 F.3d at 640 (7th Cir. 1996). The complaint merely makes vague allegations that the training of officers was inadequate. Thus, Pierce cannot proceed on this claim.

Pierce has also sued the unknown correctional officer that failed to pursue Offender Williams when he slipped his cuffs on July 22, 2018, leading to the altercation between Pierce and Williams. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). Pierce alleges that Offender Williams was being housed in DCH because he posed a threat to the security of others, himself, or the institution. Yet, when Offender Williams broke loose from the officer supervising him, the officer made no effort to pursue Williams. Giving Pierce the benefit of the inferences to which he is entitled at this stage, he has stated a claim against the unknown correctional officer for failure to protect him from Williams, resulting in Pierce's attack on July 22, 2018. The

3

case, however, cannot proceed against an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Therefore, the claim will proceed against Warden Ron Neal only for the purposes of conducting discovery to identify the unnamed officer that was escorting Offender Williams when he broke free and had an altercation with Pierce on July 22, 2018.

For these reasons, the court

(1) GRANTS Ronald J. Pierce leave to proceed against Warden Ron Neal for the sole purpose of conducting discovery to identify the unnamed officer that failed to protect Pierce when he failed to take reasonable measures to ensure Pierce's safety after Offender Williams broke free from his restraints, leading to an altercation with Pierce on July 22, 208, in violation of the Eighth Amendment;

(2) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Ron Neal at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(3) WAIVES Warden Ron Neal's obligation to file an answer to the complaint;

(4) ORDERS Ron Neal to appear and respond to discovery for the sole purpose of identifying the unknown officer who allegedly failed to pursue Williams following his escape from restraints on July 22, 2018, resulting in an altercation between Pierce and Offender Williams, in violation of the Eighth Amendment;

(5) ORDERS that any discovery by Ronald J. Pierce regarding the identity of the unnamed officer be initiated by December 14, 2018, and completed by January 14, 2018;

(6) DISMISSES all other claims;

(7) DISMISSES C. Dustin and J. Lyttle; and

(8) ORDERS Ronald J. Pierce to file an amended complaint naming the correctional officer that failed to pursue Offender Williams on July 22, 2018.

SO ORDERED on November 5, 2018

　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　JUDGE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT