UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD J. PIERCE,

    Plaintiff,

v.

RON NEAL, *et al.*,

    Defendants.

CAUSE NO. 3:18-CV-868-DRL-MGG

## OPINION AND ORDER

Ronald J. Pierce, a prisoner without a lawyer, filed an amended complaint alleging that he was attacked when two officers failed to protect him from an inmate that had escaped his staff escort; and, following the attack, he was incorrectly found guilty of assault. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.

On July 22, 2018, Offender Williams was being escorted by Correctional Officer R. Delgado and Correctional Officer Rogens when he slipped his handcuffs and attacked Mr. Pierce. Mr. Pierce alleges that Offender Williams was able to attack him because these officers failed to pursue Offender Williams when he slipped his cuffs. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A

"complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). Mr. Pierce alleges that Offender Williams was being housed in DCH because he posed a threat to the security of others, himself, or the institution. Yet, when Offender Williams broke loose, these officers made no effort to pursue Offender Williams. Giving Mr. Pierce the benefit of the inferences to which he is entitled at this stage, he has stated a claim against Correctional Officer R. Delgado and Correction Officer Rogens for failure to protect him from Offender Williams, resulting in Mr. Pierce being attacked on July 22, 2018.

When he was attacked, Mr. Pierce defended himself. Following the attack, Mr. Pierce was charged with assault and found guilty. Mr. Pierce claims that he is innocent of the charge because he acted in self-defense. He further claims that he was denied due process during his prison disciplinary hearing and subsequent appeal. To the extent Mr. Pierce seeks damages for due process violations from defendants, such claims are not yet ripe. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of *Heck* also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted).

Here, Mr. Pierce admits that he was found guilty of assault, and he has not alleged that the finding of guilt has since been invalidated. Because a finding of liability on Mr. Pierce's due process claims in this case would inherently undermine the validity of his disciplinary hearing, it is futile to pursue his claim at this time. If the finding that he is guilty of assault is overturned on administrative

appeal or in a habeas corpus proceeding, he can then pursue this claim. Until then, this claim is not ripe.

Last, Mr. Pierce has named Superintendent Ron Neal as a defendant. Mr. Pierce was previously granted leave to proceed against Superintendent Neal for the purpose of conducting discovery to determine the identity of the officers that were escorting Offender Williams on July 22, 2019. That discovery is now complete. In his amended complaint, Mr. Pierce names Superintendent Neal as a defendant because, although he was not aware of the incident or present during the incident, Mr. Pierce asserts that Superintendent Neal should be held accountable as the employer of the other defendants. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, so Superintendent Neal is not liable merely because he was in charge of the prison. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Thus, Mr. Pierce cannot proceed against Superintendent Neal.

For these reasons, the court

(1) GRANTS Ronald J. Pierce leave to proceed against Correctional Officer R. Delgado and Correction Officer Rogens for failing to take reasonable measures to ensure Mr. Pierce's safety after Offender Williams broke free from his restraints, leading to an altercation with Mr. Pierce on July 22, 2018, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Superintendent Ron Neal;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Correctional Officer R. Delgado and Correction Officer Rogens at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 24), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Correctional Officer R. Delgado and Correction Officer Rogens to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 6, 2020

*s/ Damon R. Leichty*
Judge, United States District Court