UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD J. PIERCE,<br><br>  Plaintiff,<br><br>  v.<br><br>R. DELGADO *et al.*,<br><br>  Defendants. | CAUSE NO. 3:18-CV-868-DRL-MGG |

OPINION & ORDER

Ronald J. Pierce, a prisoner without a lawyer, was granted leave to proceed on a single claim: that Correctional Officer R. Delgado and Correction Officer Rogers failed to take reasonable measures to ensure Mr. Pierce's safety after Offender Williams broke free from his restraints, leading to an altercation with Mr. Pierce on July 22, 2018, in violation of the Eighth Amendment. The incident actually occurred on July 24, 2016 (ECF 32-1), and Mr. Pierce did not initiate this lawsuit until October 18, 2018. Correctional Officer R. Delgado moved to dismiss because the lawsuit was not initiated before the statute of limitations expired.

Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Mr. Pierce argues that the claim did not accrue on July 24, 2016 because he was charged with a disciplinary offense as a result of the altercation with Offender Williams, and he could not proceed with this claim until his disciplinary hearing was over and he exhausted his appeals. ECF 37 at 2. Mr. Pierce's amended complaint also alleged that his due process rights were violated during the course of his disciplinary proceeding. But, in screening the amended complaint, the court noted that a finding of liability on Mr. Pierce's due process claims in this case would inherently undermine the validity of his disciplinary hearing, and that the claim was not ripe until his finding of guilt on the disciplinary offense is overturned. ECF 25. A finding in Mr.

Pierce's favor on the claim he was granted leave to proceed on, however, would not undermine the validity of his disciplinary hearing. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). He can be found guilty of assault even if it is true that the defendants failed to adequately protect Mr. Pierce. Thus, this cause of action accrued at the time of the alleged failure to protect – July 24, 2016. Because this lawsuit was not initiated within two years of July 24, 2016, Mr. Pierce's claim is barred by the statute of limitations and Correctional Officer Delgado's motion to dismiss must be granted.

While Correctional Officer Rogers has not appeared or answered the amended complaint (ECF 30), the statute of limitations also bars Mr. Pierce's claim against him. Although the statute of limitations is an affirmative defense, dismissal is appropriate when it is clear that a claim is time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009).

Because the statute of limitations expired before this case was filed, the claim that Mr. Pierce is proceeding on is untimely. Accordingly, the court GRANTS the motion to dismiss (ECF 32) and DIRECTS the clerk to enter judgment for Correctional Officer Delgado and Correctional Officer Rogers.

SO ORDERED.

September 4, 2020                                        *s/ Damon R. Leichty*
                                                          Judge, United States District Court